PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
RONMAROKO, State Bar No. 124770
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
(213) 894-4520 telephone
(213) 894-2603 facsimile
Email: Ron.Marko@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**AGAPITO PALAD BAROMA and NONA BAROMA,**<br><br>　　　　　　Debtor. | Case No.: 2:18-bk-21696 VZ<br><br>Chapter 7<br><br>**UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER REQUIRING DEBTOR'S FORMER COUNSEL, KENUMI MAATAFALE: (1) TO DISCLOSE COMPENSATION PURSUANT TO 11 U.S.C. § 329; (2) TO PROVIDE AN ACCOUNTING OF SERVICES PROVIDED;  AND (3) FOR DISGORGEMENT OF FEES**<br><br>**[Request For Judicial Notice in Support Thereof Filed Concurrently Herewith]**<br><br>Hearing Date:　March 28, 2019<br>Time　　　　　9:30 a.m.<br>Place　　　　　Courtroom 1368<br>　　　　　　　255 E. Temple St.<br>　　　　　　　Los Angeles, CA 90012 |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEBTOR, DEBTOR'S COUNSEL, AND ALL PARTIES IN INTEREST:**

/ / /

1    PLEASE TAKE NOTICE THAT, on March 28, 2019 at 9:30 a.m., or as soon thereafter as

2    the matter may be heard, Peter C. Anderson, United States Trustee for the Central District of

3    California ("U.S. Trustee"), through the undersigned attorney, will and hereby does move the

4    Court for an Order requiring debtor's former counsel, Kenumi Maatafale ("Former Counsel"), to

5    disclose his compensation  pursuant to 11 U.S.C. § 329 and for such other relief as may be

6    appropriate on the grounds set forth below, including an accounting and disgorgement of all

7    amounts paid to him that he does not show were reasonable under the circumstances or were not

8    from non-estate sources.

9    This request is made pursuant to the supervisory duties of the U.S. Trustee as set forth in 28

10   U.S.C. § 586(a)(3).

11   If you wish to oppose or respond to this Motion, you must file a written response with the

12   Clerk of the United States Bankruptcy Court at Edward R. Roybal Building and Courthouse, 255

13   E. Temple Street, Room 940, Los Angeles, CA 90012, and serve a copy of it on the United States

14   Trustee at the address set forth above, no less than 14 days prior to the above hearing date.  If you

15   fail to file a response to this Motion within such time period, the Court may treat such failure as a

16   waiver of your right to oppose the Motion and may grant the requested relief.

17   This Motion is also based on this notice, the attached Memorandum of Points and

18   Authorities, the concurrently-filed Request for Judicial Notice, all papers, pleadings and files of

19   record, and such evidence as the Court might receive at the time of the hearing on the Motion.

20   DATED: February 12, 2019

21

22                                          PETER C. ANDERSON
                                            UNITED STATES TRUSTEE
23

24                        By: _____

25                                          RON MAROKO
                                            Trial Attorney
26

27

28

## I.    INTRODUCTION

This motion is made pursuant to the supervisory duties of the U.S. Trustee as set forth in 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 329(a) and Federal Rule of Bankruptcy Procedure ("FRBP") 2016(b).    The U.S. Trustee submits that the Court should order the filing of the disclosure of compensation pursuant to § 329 and FRBP 2016 and 2017 because Kenumi Maatafale ("Former Counsel") has an affirmative statutory requirement to disclose such compensation and the source of such compensation, including showing that he was paid from non-estate assets.    In addition, Former Counsel has an obligation and burden to show that the amount paid him was reasonable. Should Former Counsel not be able to make an adequate showing of reasonableness, or fail to make the required statutory disclosure, then the Court should order Former Counsel to disgorge his fees.

## II.    FACTUAL BACKGROUND

1.    On October 4, 2018, a chapter 7 bankruptcy case was filed in the names of Agapito Palad Baroma and Nona Baroma ("Debtors") in the United States Bankruptcy Court for the Central District of California and the case was assigned case no. 2:18-bk-21696-VZ (the "Bankruptcy Case").    Debtors have alleged that their signatures were forged on the petition and did not consent to the filing of the chapter 7 case.    *See* paragraph 2 of attached declaration of Debtors.

2.    On October 22, 2018, the Court dismissed the Bankruptcy Case for failure to file Schedules and Statements.[1]

---

[1] *See* Case Docket for *In re Agapito Palad Baroma and Nona Baroma,* case no. 2:18-bk-21696-VZ ("Case Docket") attached to the U.S. Trustee's Request for Judicial Notice ("RJN") filed concurrently with this Motion.

The U.S. Trustee respectfully requests that the Court take judicial notice of Debtor's Petition, Case Docket, Substitution of Attorney filed November 16, 2018 (docket #23), Opposition to Arent Fox Employment Application (docket #25), and other documents filed therewith and any amendments thereto which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017.    To the extent those documents, include a declaration signed under penalty of perjury by Debtors, those statements are admissible admissions of the Debtors pursuant to Fed. R. Evid. 801(d).

1    3.    On October 23, 2018, chapter 7 trustee Wesley H. Avery filed a motion to vacate

2  the dismissal order (docket #12), which was granted (docket #13). As reflected on the Case

3  Docket, attached to the Request For Judicial Notice, no Schedules or Statement of Affairs have

4  been filed in this Bankruptcy Case.

5    4.    On November 8, 2018, Debtor's paid Former Counsel $3,050.00 by debtor Nona

6  Baroma's U.S. Bank check 2113. *See* paragraph 3 of attached declaration of Debtors and Exhibit

7  A attached thereto. Exhibit A also reflects a check processing date of November 13, 2018.

8    5.    On November 16, 2018, Former Counsel filed his Substitution of Attorney with the

9  Court (docket #23).[2]

10    6.    Also on November 16, 2018, Former Counsel filed the nine page Opposition to

11  Chapter 7 Trustee's Application to Employ Arent Fox LLP as General Bankruptcy Counsel

12  ("Opposition)(docket #25).[3] Included in that Opposition is the Declaration of Former Counsel that

13  he would seek dismissal of the case because Debtors were unaware that they filed their bankruptcy

14  petition. A true copy of that declaration is attached hereto and incorporated herein as Exhibit B.

15    7.    According to the Case Docket, no other documents, including but not limited to, a

16  motion to dismiss, were filed by Former Counsel after November 16, 2018 and no disclosure of

17  compensation was filed by Former Counsel.[4]

18    8.    On December 26, 2018, Sevan Gorginian filed a substitution of attorney with the

19  Court, concluding Former Counsel's representation with Debtors (docket #34).[5]

20

21    [2] *See* Case Docket in *In re Agapito Palad Baroma and Nona Baroma*, case no. 2:18-bk-
22  21969-VZ, attached to the U.S. Trustee's RJN filed concurrently with this Motion. *See also* the
    Substitution of Attorney filed in this Bankruptcy Case also attached to the U.S. Trustee's RJN.
23  Prior to November 16, 2018, Debtors were not represented by counsel in this Bankruptcy Case. *See*
    Petition also attached to the RJN and described on the Case Docket.

24    [3] *See* Case Docket for *In re Agapito Palad Baroma and Nona Baroma,* case no. 2:18-bk-
25  21969-VZ, attached to the U.S. Trustee's RJN filed concurrently with this Motion. *See also*
    Opposition to Chapter 7 Trustee's Aplication to Employ Arent Fox LLP as General bankruptcy
26  Counsel filed in this Bankruptcy Case, attached to the U.S. Trustee's RJN.

27    [4] *See* Case Docket for *In re Agapito Palad Baroma and Nona Baroma*, case no. 2:18-bk-
    21969-VZ, attached to the U.S. Trustee's RJN filed concurrently with this Motion.
28

III.  **MEMORANDUM OF POINTS AND AUTHORITIES**

A.  **THE UNITED STATES TRUSTEE HAS THE DUTY TO SUPERVISE THE ADMINISTRATION OF TITLE 11 CASES**

28 U.S.C. § 581(a)(16) provides for the appointment of a United States Trustee in the Central District of California.

28 U.S.C. § 586(a)(3) provides that the United States Trustee within her district, shall supervise the administration of title 11 cases.  Moreover, 11 U.S.C. § 307 states that the United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title..."

One such duty described in section 586(a)(3) is monitoring attorney compensation under title 11.   In addition, this Court has recognized the responsibility of the United States Trustee to monitor debtor's relationship with counsel.  *See, In re Sambo's Restaurants, Inc.,* 20 B.R. 295, 299 (Bankr. C.D. Cal. 1982).  The United States Trustee acts "as enforcers of the bankruptcy laws. . . bringing proceedings in the bankruptcy courts in particular cases in which particular action taken or proposed will be taken deviates from the standards established by the proposed bankruptcy code." (H.R. Rep. No. 595, 95th Cong., 1st Sess. 88, 109 (1977).

B.  **DEBTORS' FORMER COUNSEL SHOULD BE ORDERED TO FILE A DISCLOSURE OF COMPENSATION DECLARATION PURSUANT TO 11 U.S.C § 329.**

Counsel should be ordered to file a disclosure of compensation so that the fees charged for services rendered in the instant case will be disclosed.

/ / /

---

[5] *See* Case Docket for *In re Agapito Palad Baroma and Nona Baroma*, case no. 2:18-bk-21969-VZ, attached to the U.S. Trustee's RJN filed concurrently with this Motion. *See also* the Substitution of Attorney filed in this Bankruptcy Case on December 26, 2018, also attached to the U.S. Trustee's RJN.

11 U.S.C. § 329(a) provides that:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of and in connection with the case by such attorney, and the source of such compensation.

Section 329(a) should be read in conjunction with Bankruptcy Rule 2016(b)[6]; however, to the extent there are any inconsistencies, § 329 controls. 11 U.S.C. § 329(b) and FRBP 2017 authorize the Court to order the return of any compensation that exceeds the reasonable value of services rendered by an attorney.

Section 329 of the Bankruptcy Court "is an example of the bankruptcy court's traditional concern for the need to scrutinize carefully the compensation paid to the debtor's attorney," to address the concern that "debtors are in a vulnerable position and highly dependent on attorneys and therefore might be reluctant to object to fees."[7] Section 329(b) allows the court to "deny compensation to the debtor's attorney, cancel an agreement to pay compensation, or order the return of compensation previously paid", if such compensation exceeds the reasonable value of services provided.[8] The standard applied under § 329(b) to determine the reasonableness of attorney fees is set forth in § 330, and "the burden is upon the applicant to demonstrate that the fees are

---

[6] Fed.R.Bankr.P. 2016(b) *"Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by section 329 of the Code including whether the attorney has shared or agreed to share the compensation with another entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney... A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after payment or agreement not previously disclosed." In this instance, such disclosure declaration should have been filed by November 23, 2018, fifteen days after Debtors gave Former Counsel the check for $3,050.00.

[7] 3 Collier on Bankruptcy (16th ed. 2018) ¶ 329.01.

[8] *Id.*

1    reasonable."[9]  Further, Ninth Circuit case law holds that it is appropriate for the bankruptcy court to

2    order the return of fees to debtors when the fees are unreasonable and where debtor's counsel fails

3    to provide competent and complete representation.[10]

4        In our present case, the services provided by Counsel appear incomplete and provided little

5    benefit to the Debtors.  See Debtors' declaration attached hereto.  However, because Counsel's fees

6    are currently undisclosed, almost three months after services commenced and more than a month

7    after services were terminated by Debtors, counsel has failed to comply with his statutory

8    disclosure requirements.  Therefore, the Court should require Debtors' Former Counsel to file an

9    
10   accurate Disclosure of Compensation with the Court.  Moreover, the Court should require Former

11   Counsel to provide an accounting that shows that his fees were reasonable, as is his burden, that he

12   provided the services he agreed to provide Debtors, and that the fees, paid post-petition, were from

13   non-estate sources. Absent such disclosures and showings, the Court should order all fees disgorged

14   from Former Counsel.

15   **IV.    CONCLUSION**

16   
17       WHEREFORE, the U.S. Trustee respectfully requests that the Court order Counsel to file a

18   Disclosure of Compensation with the Court within fourteen (14) days of the entry of an order

19   directing Counsel to file the disclosure, and for such other and further relief that the Court deems

20   appropriate.

21   
22   DATE: February 12, 2019          PETER C. ANDERSON
                                      UNITED STATES TRUSTEE
23   
24                          By:    _____
                                      RON MAROKO
25                                    Trial Attorney

26   

27       [9] *In re Basham*, 208 B.R. 926, 931 (9th Cir. B.A.P. 1997).
         [10] *See Hale v. U.S. Trustee*, 509 F.3d 1139, 1148 (9th Cir. 2007); *In re Basham*, 208 B.R. at
28   933.

# DECLARATION OF
# AGAPITO PALAD BAROMA
# AND NONA BAROMA

# DECLARATION OF
# AGAPITO PALAD BAROMA
# AND NONA BAROMA

1  Sevan Gorginian (SBN 298986)
   **Law Office of Sevan Gorginian**
2  450 N. Brand Boulevard, Suite 600
   Glendale, California 91203
3  **Tel:** 818.928.4445 I **Fax:** 818.928.4450
   **Email:** sevan@gorginianlaw.com
4
   Counsel for Debtors
5

6              **UNITED STATES BANKRUPTCY COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8                  **LOS ANGELES DIVISION**

9
                                          Bankruptcy No. 2:18-bk-21696-VZ
10  In re:
                                          Chapter 7
11
    AGAPITO PALAD BAROMA and              DECLARATION RE: FEES PAID TO FORMER
12  NONA BAROMA,                          COUNSEL KENUMI MAATAFALE
13                          Debtors.      Petition Date: October 4, 2019
                                          Continued 341(a): January 17, 2019
14

15

16        **TO THE HONORABLE VINCENT ZURZOLO, OFFICE OF THE UNITED STATES**

17  **TRUSTEE, THE CHAPTER 7 TRUSTEE AND HIS ATTORNEYS OF RECORD:**

18        Mr. Agapito Palad Baroma ("Agapito") and Mrs. Nona Baroma ("Nona", with Agapito known

19  together as the "Baromas") file this declaration regarding payments made to former counsel, Mr.

20  Kenumi Maatafale ("Kenumi").

21

22            **JOINT DECLARATION OF AGAPITO AND NONA BAROMA**

23  We, Agapito Palad Baroma and Nona Baroma, hereby attest as follows:

24        1.      We are the debtors in this pending bankruptcy case.  We are over the age of 18 and

25  have personal knowledge of the facts set above.  We reside in our home located at 950 Verdugo

26  Circle Drive, Glendale, CA 91206.  If called as a witness, we could and would competently testify

27  thereto.

28

1

-8-

1      2.    On October 4, 2018, someone forged our signatures and filed a Chapter 7

2   bankruptcy petition on our behalf.    Our loan modification agent, Sergio Lara ("Sergio")

3   recommended we contact and meet Mr. Kenumi Maatafale ("Kenumi"), our former counsel.

4      3.    On November 8, 2018, we retained Kenumi to assist us in getting our case

5   dismissed.  We paid him $3,050 by check.  The source of funds is Nona's DBA business account

6   called *Thank You, Thank U*.   See attached as **Exhibit A** for a true and correct copy of the check.

7   In our prior declarations, we may have said "$3,000" but it was $3,050 as stated on the check.  We

8   apologize for this typo, we had forgotten the exact amount.

9      4.    For this fee, Kenumi was to object to the employment application of Arent Fox LLP

10  and file a motion to dismiss.  We trusted him to take the best course of action on our behalf.

11     5.    He filed an objection to the employment application for Arent Fox LLP but he did not

12  personally appear at the hearing.  Instead he sent an appearance attorney.

13     6.    Our current attorney, Sevan Gorginian, asked Kenumi for an accounting of how this

14  $3,050 was spent but he has ignored our request.  We also asked him, through our counsel, for

15  him to turnover documents in his possession including Microsoft Word files but he has also refused.

16  The only thing he did was sign the substitution of attorney form.

17     7.    We are not sure if Sergio and Kenumi have an ongoing referral relationship.

18  Regardless, we hope Kenumi will return most, if not all, of our money.

19

20     We declare under penalty of perjury the laws of the United States of America and the state

21  of California that the above statements are true and correct. This declaration is executed on

22  February 12, 2019 in Glendale, California.

23

        Agapito Palad Baroma
24      Declarant

25

26

        Nona Baroma
27      Declarant

28

2                                                           -9-

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "B"

# EXHIBIT "B"

## DECLARATION OF KENUMI T. MAATAFALE

I, KENUMI T. MAATAFALE, hereby declare as follows:

    1. I am an attorney and am licensed to practice law before this United States Bankruptcy Court.

    2. I have personal knowledge of the facts hereinafter set forth, and if called as a witness, I could and would testify completely thereto.

    3. I was retained by Agapito Palad Baroma and Nona Baroma ("Debtors"), the Debtors in this proceeding, for the purpose of opposing the Chapter 7's Trustee's application to employ Arent Fox LLP as General Counsel, and filing a motion for Voluntary Dismissal of the Chapter 7 bankruptcy petition.

    4. Debtors plans to seek a Voluntary Dismissal of the Chapter 7 bankruptcy on the Grounds that they did not file a Chapter 7 bankruptcy petition, did not sign the petition forms, did not authorize a Chapter 7 bankruptcy petition to be filed on their behalf, and was unaware a Chapter 7 bankruptcy petition was filed.

    5. Debtors would oppose the appointment of said employment on the based that if said motion for a Voluntary Dismissal is granted, the application of employment of Arent Fox LLP as General Counsel would be unnecessary and moot.

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 16, 2018 at Long Beach, California.

Kenumi T. Maatafale, Esq.
Attorney for Debtors

6

-11-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017**

A true and correct copy of the foregoing document entitled (*specify*): UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER REQUIRING DEBTOR'S FORMER COUNSEL, KENUMI MAATAFALE: (1) TO DISCLOSE COMPENSATION PURSUANT TO 11 U.S.C. § 329; (2) TO PROVIDE AN ACCOUNTING OF SERVICES PROVIDED;  AND (3) FOR DISGORGEMENT OF FEES

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____2/12/19_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

X    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ____2/12/19_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

X    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____2/12/19_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

X    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2/12/19 | Patti A. Brundige | *[signature]* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Wesley H Avery (TR)    wes@averytrustee.com,
C117@ecfcbis.com;lucy@averytrustee.com;alexandria@averytrustee.com
Sevan Gorginian (Debtors' counsel of record)    sevan@gorginianlaw.com,
notices@nextchapterbk.com;serj@gorginianlaw.com
Aram Ordubegian (trustee's counsel)    ordubegian.aram@arentfox.com
Annie Y Stoops    annie.stoops@arentfox.com, yvonne.li@arentfox.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2.** **SERVED BY U.S. MAIL:**

> **Debtor**
> Agapito Palad Baroma
> 950 Verdugo Circle Dr
> Glendale, CA 91206
>
> Nona Baroma
> 950 Verdugo Circle Dr
> Glendale, CA 91206
>
> **Debtors' Former Counsel of Record**
> Kenumi T Maatafale
> Maatafale Law Group
> 444 W. Ocean Boulevard, 8th Fl
> Long Beach, CA 90802

**3.** **SERVED BY FEDERAL EXPRESS:**

> U.S. Bankruptcy Court
> 255 E. Temple Street, Room 940
> Los Angeles, CA 90012
> Attn: Mail Room Clerk - Judges Copy

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.